# IN THE UNITED DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COLEMAN, DENISE )<br>COPPEDGE, LOYD C. )<br>SIRCY JR., RICHARD A. )<br>STEFFY, TROY M. )<br>  )<br>  Plaintiffs, )<br>  )<br>vs. )<br>  )<br>  )<br>DOLLAR TREE STORES, INC., )<br>  )<br>  Defendant. ) | CIVIL ACTION NO: 3:13-0069<br><br>JURY DEMAND |

## INITIAL ~~PROPOSED~~ CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted.**

1. **Jurisdiction:**

   This action is brought pursuant to the Fair Labor Standards Act (FLSA), 29 USC § 201 *et seq*. The District Court is alleged to have jurisdiction of the action pursuant to 29 USC § 216(b) and 28 USC § 1331.

   Defendant Dollar Tree Stores, Inc. ("Dollar Tree") denies that venue is proper in this Court with respect to Plaintiff Denise Coleman, and has filed a Motion to Dismiss or Transfer Plaintiff Coleman on that basis.

2. **Plaintiff's theory of the case:**

Plaintiffs allege that Defendant violated §216(b) of the Fair Labor Standards Act because Defendant failed to pay overtime compensation to Plaintiffs. Though, Plaintiffs were employed as "Store Managers," their managerial duties were non-existent or extremely minimal as compared to their other job duties. They had virtually no authority to hire and fire; did not have the authority to promote, give pay raises or discipline any hourly employees, nor were their suggestions or recommendations as to the hiring, firing or promotion of employees always accepted or given any particular weight.

3. **Defendant's theory of the case:**

Dollar Tree denies any violation of the FLSA. Dollar Tree asserts that, at all times relevant to their employment as Dollar Tree Store Managers, Plaintiffs were reasonably and properly classified as exempt from overtime, and on that basis, Plaintiffs were not entitled to overtime pay.

4. **Identification of the issues:**

   - The propriety of Dollar Tree's classification of Plaintiffs as exempt executive employees pursuant to the FLSA.

   - The applicable statute of limitations on Plaintiffs' claims.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

Dollar Tree denies that Plaintiffs' claims are properly joined in this action, and denies that Plaintiffs' alleged injuries arise out of the same transaction, occurrence, or series of transactions or occurrences. Dollar Tree anticipates filing a motion to sever Plaintiffs' claims for trial purposes.

6. **Witnesses, if known, subject to supplementation for each party.**

   For the Plaintiffs: Denise Coleman, Lloyd Coppedge, Richard, Sircy, and Troy Steffy.

   For the Defendant: Dollar Tree anticipates that there will be a number of witnesses related to each Plaintiff, including but not limited to each Plaintiff's District Manager and subordinates who worked for Plaintiffs in the stores in which they worked. Dollar Tree will supplement this response with its Initial Disclosures and through the discovery process as its investigation continues.

7. **Initial Disclosures and Staging of Discovery:**

   a. **Initial Disclosures:**

   Initial disclosures will be due on April 17, 2013.

   b. **Discovery:**

   - Discovery to close September 13, 2013.

   - Plaintiffs' expert report(s) due July 19, 2013, and Plaintiffs' expert(s) made available for deposition by August 2, 2013.

   - Dollar Tree's expert report(s) due August 16, 2013, and Dollar Tree's

expert(s) made available for deposition by August 30, 2013.

c. **Motions:**

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

8. **Dispositive motions:**

Dollar Tree anticipates filing dispositive motions with respect to each Plaintiff. Dispositive motions will be filed no later than October 11, 2013. Responses to any such motion must be filed by November 8, 2013. Any reply is due November 22, 2013. If any party files a dispositive motion prior to October 11, 2013, the response to such motion will be due 28 days after the date the motion is filed, and the reply will be due 14 days after the date the response is filed.

Any dispositive motion and response memoranda are limited to 20 pages per Plaintiff, and any reply is limited to five pages per Plaintiff, absent Court permission for additional pages.

9. **Other deadlines:**

At this time, the parties do not anticipate amending pleadings.

10. **Subsequent case management conferences:**

A subsequent case management conference will fall in the last week of August 2013. The Defendant will initiate the call.

11. **Alternate dispute resolution**

The parties have not yet evaluated the case for settlement but will continue to work toward doing so.

12. **Target trial date:** March 4, 2014.

Dollar Tree denies that the Plaintiffs' claims may be tried jointly. The parties request trial date(s) in February 2014. Plaintiffs have requested a jury trial. Counsel anticipate 3 or 4 trial days.

Dated: March 21, 2013

IT IS SO ORDERED:

John Bryant, USMJ

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS:

/s/ Joshua S. Segall
Joshua S. Segall
PO Box 4236
Montgomery, AL 36104
Telephone: 334-324-4546
joshua.segall@segalllaw.net

Raymond T. Throckmorton, III
1700 Hayes Street
Suite 303
Nashville, TN 37203
(615) 242-2002
Fax: (615) 242-2042
rttiii@bellsouth.net

Susan B. Evans, Attorney at Law
2016 8th Avenue, S
Nashville, TN 37204
(615) 739-6833
Fax: (615) 297-9007
sbevanslaw@gmail.com

ATTORNEYS FOR DEFENDANT:

s/ Luther Wright, Jr.
Luther Wright, Jr., TN Bar No. 017626
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
luther.wright@ogletreedeakins.com

Carson H. Sullivan, Esq.
Regan A.W. Herald, Esq.
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
carsonsullivan@paulhastings.com
reganherald@paulhastings.com