IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DENISE COLEMAN                                    )
LOYD C. COPPEDGE                                  )
RICHARD A. SIRCY, JR.                             )
TROY M. STEFFY                                    )
                                                  )
v.                                                )    No. 3-13-0069
                                                  )    JUDGE CAMPBELL
                                                  )
DOLLAR TREE STORES, INC.                          )


MEMORANDUM

I. Introduction

Pending before the Court are Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss, Or

In The Alternative, Transfer Plaintiff Denise Coleman (Docket No. 15); Plaintiff Denise

Coleman's Motion To Strike And Response In Opposition To Defendant Dollar Tree Stores,

Inc.'s Motion To Dismiss, Or In The Alternative, To Transfer Plaintiff Denise Coleman (Docket

No. 26); and Defendant Dollar Tree Stores, Inc.'s Opposition to Plaintiff Denise Coleman's

Motion To Strike (Docket No. 32).

For the reasons stated herein, Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss,

Or In The Alternative, Transfer Plaintiff Denise Coleman (Docket No. 15) is GRANTED in part

and DENIED in part; and Plaintiff Denise Coleman's Motion To Strike (Docket No. 26) is

DENIED, as moot.  The Clerk is directed to transfer the case of Denise Coleman to the U.S.

District Court for the Eastern District of Tennessee.

II.  Factual and Procedural Background

Plaintiffs' Denise Coleman, Loyd C. Coppedge, Richard A. Sircy, and Troy M. Steffy

have filed this action under the Fair Labor Standards Act ("FLSA") to recover unpaid wages and benefits they claim they are owed. (Amended Complaint (Docket No. 5)). The Plaintiffs seek to bring their claims "for themselves," and not on behalf of others similarly situated. (Id.) The Plaintiffs allege that they opted into a prior FLSA case brought in the another federal district court against the Defendant, but that the case was decertified as a collective action. (Id.) In ordering decertification, according to the Plaintiffs' allegations, the federal district court dismissed the opt-in plaintiffs without prejudice and tolled the applicable statutes of limitations for ninety days. (Id.)

The Plaintiffs further allege that they were employed by the Defendant as Store Managers in Tennessee, and that they all currently reside in Tennessee. (Id.) According to the Plaintiffs, the Defendant regularly required its Store Managers to work over 40 hours a week for a salaried amount without overtime compensation, even though they did not perform managerial duties. (Id.)

The Plaintiffs allege that venue is proper in the Middle District of Tennessee under 28 U.S.C. § 1391(b). (Id.) Plaintiffs do not allege the location of the stores in Tennessee where they were employed by the Defendant, nor do they allege where they currently reside in Tennessee.

The Defendant's motion requests that Plaintiff Denise Coleman's claims be dismissed from the instant suit, or in the alternative, transferred to the Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C. §§ 1404(a), 1406, and Fed. R. Civ. P. 12(b)(3). Defendant argues in its motion that Plaintiff Coleman did not work for the Defendant in the Middle District of Tennessee, nor does she reside here, and that she has no relationship to the

Middle District of Tennessee. The Defendant's Motion did not support the allegations regarding Plaintiff Coleman with an affidavit.

In Response, Plaintiff Coleman moves to strike the Defendant's Motion because it is not supported by admissible evidence. Alternatively, Plaintiff argues that venue is proper in the Middle District of Tennessee.

In response to Plaintiff's Motion To Strike, the Defendant has filed the Declaration of David McDearmon, the Field Human Resources Director for the Defendant. (Docket No. 32-1). Mr. McDearmon states that Plaintiff Denise Coleman worked as a Dollar Tree Store Manager from August 31, 2003 to July 18, 2006 at a store in Madisonville, Tennessee. (Id., at ¶ 3). Mr. McDearmon further states that although corporate records are maintained at the company's corporate headquarters in Chesapeake, Virginia, records pertaining to daily activities and management responsibilities of Store Managers, including daily store planners, store logs, personnel files for the hourly sales associates managed by Store Managers, and other similar documents, are maintained at the store where the Store Managers worked. (Id., at ¶ 6). Mr. McDearmon also states that during Plaintiff Coleman's tenure as Store Manager, there were six Assistant Store Managers and 27 hourly sales associates who worked in the Madisonville store. (Id.) According to Mr. McDearmon, these individuals have knowledge of the day to day activities, responsibilities, and hours worked by Plaintiff Coleman. (Id.)

### III. Analysis

Initially, the Court concludes that Plaintiff's Motion To Strike should be denied as Defendant has since filed an affidavit supporting the factual allegations of its Motion.

With regard to the Defendant's request for dismissal or transfer, the Court concludes that

the Defendant has not stated a legal basis for dismissing Plaintiff Coleman's claims, and

therefore, Defendant's request for dismissal should be denied.

In contending that Plaintiff Coleman's claims should be transferred to the Eastern District

of Tennessee, the Defendant cites 28 U.S.C. § 1404(a). That Section provides: "For the

convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented."[1] Ordinarily, the burden of proving that transfer is

warranted is on the moving party and the burden is a substantial one. *Smith v. Kyphon, Inc.*, 578

F.Supp.2d 954, 958 (M.D. Tenn. 2008). As the permissible language of the transfer statute

suggests, district courts have broad discretion to determine when party convenience or the

interest of justice make a transfer appropriate. *Reese v. CNH America LLC*, 574 F.3d 315, 320

(6th Cir. 2009).

In reviewing a motion to transfer, the court is to balance all relevant factors, including the

private interests[2] of the parties and public-interest concerns,[3] such as systemic integrity and

fairness, which comes under the rubric of 'interests of justice.'" *Moses v. Business Card Express,*

*Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991); *Reese*, 574 F.3d at 320.

---

[1] Plaintiff Coleman does not appear to contest that the Eastern District of Tennessee is a district in which this action might have been brought.

[2] Convenience of the parties and witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, cost of obtaining willing witnesses, and practical problems indicating where the case can be tried more expeditiously and inexpensively. *Smith*, 578 F.Supp.2d at 962.

[3] Enforceability of the judgment, practical considerations affecting trial management, docket congestion, local interest in deciding local controversies at home, public policies of the fora, familiarity of the trial judge with the applicable state law. *Smith*, 578 F. Supp.2d at 962.

Convenience of non-party witnesses, as opposed to parties or employee witnesses, is one of the most important factors in the transfer analysis. *Smith*, 578 F.Supp.2d at 963. Transfer of venue is inappropriate where it would serve only to transfer the inconvenience from one party to the other. *Diebold, Inc. v. Firstcard Financial Services, Inc.*, 104 F.Supp.2d 758, 764 (N.D. Ohio 2000).

While a plaintiff's choice of forum is generally entitled to a substantial weight, when a given action has a limited connection with the forum and is not the plaintiff's residence, the plaintiff's choice is to be afforded less weight than would otherwise be the case. *Lisenbee v. Fedex Corp.*, 579 F.Supp.2d 993, 1007 (M.D. Tenn. 2008). The plaintiff's interest decreases even further where the central facts of the lawsuit occurred outside the chosen forum. *Id.*

In this case, Plaintiff Coleman alleges only that the Defendant conducts business in this forum; a connection that exists in many other fora in the United States. The Eastern District of Tennessee, where the Madisonville Dollar Tree is located, bears a much stronger connection to the events underlying Plaintiff Coleman's claims than this District. The witnesses and exhibits are likely to be connected with the Madisonville Dollar Tree store where Plaintiff Coleman worked. Neither Plaintiff Coleman nor the alleged misconduct have any substantial connection to this district.

The Plaintiff's primary argument against transfer is that allowing her to pursue her claims along with the other Plaintiffs in this case "could potentially prevent duplicative pleadings and trials, as Dollar Tree is likely to try and make similar legal and factual arguments in support of its defense against all Plaintiffs." (Docket No. 26, at 7). Any efficiency resulting from permitting Plaintiff Coleman to proceed with the other Plaintiffs, however, is outweighed by the

inconvenience to the non-party witnesses residing in the Eastern District of Tennessee.

Weighing all the factors to be considered under Section 1404(a), including the Plaintiff Coleman's choice of forum, the Court concludes that the interests of justice are best served by transferring Plaintiff Coleman's claims to the Eastern District of Tennessee.

## IV. Conclusion

For these reasons, the Court concludes that Defendant's request to transfer Plaintiff Coleman's case to the Eastern District of Tennessee should be granted.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE